IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>ROBERT PAUL SPARRA, JR. and KELLY ELIZABETH SPARRA,<br><br>  Debtors. | Case No. 17-72318-jrs<br>Chapter 7 |
| ROBERT PAUL SPARRA, JR. and KELLY ELIZABETH SPARRA,<br><br>  Plaintiffs,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE THORNBURG MORTGAGE SECURITIES TRUST 2002-3 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-3 and VICTOR WARREN PROPERTIES,<br><br>  Defendants. | Adversary No. 18-05122-jrs |

**SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS**

COMES NOW, Select Portfolio Servicing, Inc., as servicer for Deutsche Bank National Trust Company, as Trustee, on behalf of the Holders of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3 ("SPS"), and files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), respectfully showing this Honorable Court as follows:

1

## INTRODUCTION AND PROCEDURAL HISTORY

In this case, Debtors Robert and Kelly Sparra are continuing their baseless assault on a post-petition foreclosure sale that complied in all respects with Georgia law and did not violate the automatic stay. In short, Kelly Sparra was not on title to the subject property and not a signatory to the promissory note or security deed that was foreclosed. Nevertheless, she believes that her "possessory interest" was protected by the automatic stay. There is no law whatsoever to support this assertion, and this case must be dismissed.

On December 29, 2017, Debtors Robert and Elizabeth Sparra improperly filed for Chapter 13 bankruptcy. *See* [Bk. Doc. 1]. The filing was improper because, on November 2, 2017, this Court dismissed a prior joint filing by the Debtors (Case No. 17-66999-jrs) *with prejudice* and prohibited them from refiling for a period of 180 days. *See* [Bk. Doc. 4]; *see also In re Sparra*, No. 17-66999-jrs, [Doc. 19] (Bankr. N.D. Ga. Nov. 3, 2017).

Due to the improper nature of the filing, this Court held a show cause hearing and entered an Order [Doc. 23] stating:

> ORDERED that the Debtors shall have until January 31, 2018 to convert this case to Chapter 7 or this Court will enter an order dismissing this case, annulling any stay that may have gone into effect, and prohibiting the Debtors from filing any further bankruptcy cases under any chapter for 180 days from the entry of that order.

The case was converted to Chapter 7 on February 2, 2018. [Bk. Doc. 30]. In the Order converting the case, this Court stated that "[t]o the extent the automatic stay would have gone into effect had this case been filed as a Chapter 7 case then the stay will remain in effect subject to the rights of any party in interest to move to modify or annul the stay." *Id.* This sentence was prefaced with "to the extent" because Debtor Robert Sparra had two cases dismissed in the year

prior to filing the instant case – Case Nos. 17-57760-jrs and 17-66999-jrs. Debtor Kelly Sparra had one case dismissed in the year prior to filing this case – Case No. 17-6699-jrs.

Pursuant to 11 U.S.C. § 362(c)(4)(A)(i),

> if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

On February 27, 2018, the Debtors (then acting pro se) filed a Motion for Sanctions for Willful Violation of the Automatic Stay. In the Motion, the Debtors alleged that SPS violated the automatic stay by conducting a post-petition foreclosure sale. [Bk. Doc. 37]. SPS filed a response [Bk. Doc. 38], asserting that only Robert Sparra was a party to the promissory note and security deed that was foreclosed, and that no stay was in effect at the time of the foreclosure sale due to Robert Sparra being a serial filer. A hearing was scheduled for March 27, 2018. However, the Debtors filed an Emergency Motion for Continuance [Bk. Doc. 43], which was granted, and this Court noted that the hearing would only be reset upon request. [Bk. Doc. 44].

On May 30, 2018, the Debtors (now with counsel) filed an Amended Motion for Sanctions. [Bk. Doc. 67]. Their counsel, however, appeared to be severely mistaken about the nature of this case, the Debtors' property interests (or lack thereof), and has added a new frivolous allegation that is expressly countered by the exhibits he attached to the Amended Motion.

In the Amended Motion, the Debtors claimed that they were in a Chapter 13 case (not true) and that "due to new employment, increased earnings and an improvement in his financial position and cash flow he could now fund a chapter 13 plan and he strongly believes would be approved by the Court. The Debtors are entitled to have an opportunity to do so." [Bk. Doc. 67].

3

They are not entitled to this opportunity, because they are Chapter 7 debtors who are ineligible for Chapter 13.

The Amended Motion continued to assert that the automatic stay was violated because the stay was in effect when the post-petition foreclosure sale took place on January 2, 2018. As noted above, the security deed that was foreclosed was in the name of Robert Sparra only, and no stay was in effect as to his interest.[1] *See* 11 U.S.C. § 362(c)(4)(A)(i).

The Amended Motion made a new claim that Kelly Sparra's "possessory interest" was protected by the automatic stay and therefore the foreclosure sale violated the stay. *See* [Bk. Doc. 67] at ¶ 19. This was an utterly frivolous assertion, since SPS did not attempt to dispossess Kelly Sparra. In fact, all of the cases cited by the Debtors relate to attempts to evict a debtor post-petition. SPS is not attempting to do that, as it was not the purchaser at the foreclosure sale. Co-Respondent Victor Warren Properties was the purchaser, and appropriately obtained stay relief to continue with its dispossessory action in state court. *See* [Bk. Doc. 61].

After SPS filed a Response to the Amended Motion detailing these deficiencies and baseless arguments, the Debtors filed a withdrawal of the Amended Motion on June 3, 2018, stating that "[a]fter closer review of the case it appears continued litigation would be fruitless and serve no further justice." [Bk. Doc. 72]. However, on June 8, 2018, the Debtors filed the instant adversary proceeding, raising nearly the exact same claims that they stated were "fruitless." This vexatious filing must be dismissed.

---

[1] SPS asserts that 11 U.S.C. § 362(c)(4)(A)(i) terminates the *entire* stay as to both debtors, even if one debtor does not have two or more dismissals in the prior year. This is due to the fact that the broad language of the statute says that the stay (not the stay as to a particular debtor) does not go into effect. However, SPS recognizes that the two courts known to have been faced with this question have disagreed. *See In re Haisley*, 350 B.R. 48, 50-51 (Bankr. E.D. La. 2006) (citing *In re Parker*, 336 B.R. 678 (Bankr. S.D.N.Y. 2006). It is not necessary to resolve the issue at this stage, since Kelly Sparra was not a party to the security deed and had no interest in the subject property.

4

## STATEMENT OF FACTS

This case relates to the post-petition foreclosure sale of the property located at 3606 Inman Drive, Atlanta, GA 30319 (the "Property"). *See* [AP Doc. 1] at ¶ 1. As admitted in their sworn schedules, only Robert Sparra had an interest in the Property. *See* [Bk. Doc. 17] at p. 13. Since only Robert Sparra had an interest, only he was a party to a promissory note and security deed that was eventually assigned to Deutsche Bank National Trust Company, as Trustee, on behalf of the Holders of the Thornburg Mortgage Securities Trust 2002-3 Mortgage Pass-Through Certificates, Series 2002-3, and serviced by SPS. *See* [AP Doc. 1] at ¶¶ 3, 13, 21.

On January 2, 2018, a foreclosure sale was held and the Property was sold to Victor Warren Properties. *Id.* at ¶¶ 20, 21. According to the Debtors, "[t]he significant fact is that the automatic stay, by virtue of Kelly Sparra having a possessory interest was not lifted prior to the foreclosure of January 2, 2018." *Id.* at ¶ 20. Foreclosure sale purchaser Victor Warren Properties has now instituted a dispossessory proceeding. *Id.* at 26.

Based on these allegations, the Debtors assert the following causes of action: 1) "violation of foreclosure notice to Kelly Elizabeth Sparra"; 2) wrongful foreclosure; and 3) slander of title. There is no legal basis for any of these claims, and they must be dismissed.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    STANDARD OF REVIEW

This Court may grant a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint does not state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation

omitted). In considering a motion to dismiss, the Court must treat all well-plead allegations of the Complaint as true. *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

**B.    KELLY SPARRA LACKS STANDING TO BRING A CLAIM OF WRONGFUL FORECLOSURE**

In Count One (apparently brought by Kelly Sparra only), Kelly Sparra simply states that "[t]here was never a Notice of Foreclosure advertised in the name of Kelly Sparra, as required by Georgia Law. O.C.G.A. §44-14-162." [Doc. 1] at ¶ 28. Presumably, this is a claim of wrongful foreclosure. "To assert a viable claim for wrongful foreclosure, a plaintiff must establish a 'legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages. The legal duty imposed upon a foreclosing party under a power of sale is to exercise that power fairly and in good faith." *Wells Fargo Bank, N.A. v. Molina-Salas*, 774 S.E.2d 712, 714 (Ga. Ct. App. 2015) (citations omitted). Notably, only parties to the loan transaction have standing to bring such a claim. *Boakye-Sankwa v. CitiMortgage, Inc.*, No. 1:15-CV-352-RWS, 2015 WL 12434312, at *1 (N.D. Ga. Sept. 11, 2015) (citing *Gregorakos v. Wells Fargo Nat'l Ass'n*, 647 S.E.2d 289, 292 (Ga. Ct. App. 2007).

In *Boakye-Sankwa*, just like the instant case, the Plaintiff "alleges that she 'resides' at the encumbered real property . . . ." *Id.* However, she did not sign the loan documents, and thus lacked standing to bring a claim of wrongful foreclosure. *Id.* Similarly, Kelly Sparra did not sign the loan documents and admitted in her sworn schedules that she had no interest in the Property at the time of the foreclosure sale. Instead, she only alleges that she resides at the Property. As

6

such, this Court should find that Kelly Sparra lacks standing to complain about the foreclosure sale and dismiss Count One.

To the extent that Robert Sparra is also bringing this claim, it also fails as a matter of law. The Complaint is silent regarding any facts about the advertisement, or why Kelly Sparra – an individual with no interest whatsoever in the Property – should have had the foreclosure sale advertised in her name. The Complaint also contains no allegations that either Debtor was damaged by this alleged lack of advertisement. Quite simply, one conclusory sentence does not meet the requirements of *Iqbal* or *Twombly* and Count One must be dismissed.

## C. THE AUTOMATIC STAY DID NOT OPERATE TO PREVENT THE FORECLOSURE SALE

Count Two is titled "Wrongful Foreclosure as Against Kelly Elizabeth Sparra," but is actually a claim that the automatic stay was violated. Specifically, the Debtors allege that "Defendants initiated a foreclosure proceeding against the plaintiffs (Sparra) on January 2, 2018 in violation of the automatic stay that applied to Kelly Sparra as the holder of a possessory interest in the property." [AP Doc. 1] at ¶ 31. In a completely frivolous assertion, the Debtors go on to state that Kelly Sparra "had a divisible marital interest in this property."

> The automatic stay of 11 U.S.C. § 362(a)(3), (4), and (5) provides protection from actions of creditors taken against or to obtain "property of the estate" or "property of the debtor." If the subject property is not property of the estate or of the debtor, subsections (3), (4), and (5) will not prevent action by a creditor against the property.
>
> "Property of the estate" is defined in 11 U.S.C. § 541. The reach of Section 541 is broad and includes all legal and equitable interests of the Debtor in property. *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983). The nature and existence of a debtor's interest in property is determined by looking to applicable state law. *In re Thomas,* 883 F.2d 991, 995 (11th Cir.1989) (citing *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914, 917–918, 59 L.Ed.2d 136 (1979)). Once that interest has been defined, however, federal bankruptcy law determines the extent to which that interest is property of the estate.

7

*In re Everchanged, Inc.*, 230 B.R. 891, 893–94 (Bankr. S.D. Ga. 1999).

Contrary to the Debtors' assertion, Kelly Sparra did not hold "a divisible marital interest in this property" by virtue of being married to the legal title holder. Under Georgia law, "no property rights are created in the assets of the marriage while the parties are still married." *Miller v. Fulton County*, 375 S.E.2d 864, 883 (Ga. 1989). In *Miller*, a party brought a zoning challenge against Fulton County, and Fulton County moved to dismiss on the grounds that the plaintiff "is not the legal owner of the couple's home (his wife is) . . . ." *Id.* The plaintiff countered that "his marital status bestows upon him an equitable interest . . . ." *Id.* The Supreme Court of Georgia disagreed, holding that

> [t]his argument overlooks the principle that no property rights are created in the assets of the marriage while the parties are still married. *Owens v. Owens,* 248 Ga. 720, 721(1), 286 S.E.2d 25 (1982). That is, "no divorce means no equitable division of property." *Segars v. Brooks,* 248 Ga. 427, 428, 284 S.E.2d 13 (1981). **Miller has no recognized interest, legal or equitable, in the property where he resides.** Accordingly, the trial court properly granted summary judgment on the question of Miller's standing.

*Miller v. Fulton Cty.*, 258 Ga. 882, 883, 375 S.E.2d 864, 865 (1989) (emphasis added); *see also In re Everchanged*, 230 B.R. at 894 ("An option to purchase land is not an interest in property under Georgia law.").

Here, the situation is no different and Kelly Sparra acquired no interest in the Property by virtue of being married to Robert Sparra. Because "[t]he nature and existence of a debtor's interest in property is determined by looking to applicable state law," *In re Everchanged*, 230 B.R. at 893–94, it follows that Kelly Sparra had nothing to be protected by the automatic stay.

Moreover, even if Kelly Sparra had some sort of possessory interest that is property of the estate, the foreclosure sale did not affect that interest. A foreclosure sale extinguishes the borrower's equity of redemption, which results in the tenants of the property being "subject to dispossession under the provisions of O.C.G.A. § 44-7-50 et seq." *Dodson v. Farm & Home Sav.*

*Ass'n*, 430 S.E.2d 880, 881 (Ga. Ct. App. 1993) (citations omitted) (emphasis added). Since SPS did not dispossess Kelly Sparra by the foreclosure sale (and is not the party attempting to do so now), there is no argument that a bare possessory interest could have halted a foreclosure sale. Count Two is futile and must be dismissed.

**D.    THE DEBTORS HAVE FAILED TO STATE A CLAIM FOR SLANDER OF TITLE**

In Count Three, for slander of title, the debtors contend that "[t]he defendants to this action have undertaken a foreclosure against the plaintiffs' property and have caused a cloud to be placed on the title of the property of the plaintiffs," and as such, "the plaintiffs have been damaged and injured." [AP Doc. 1] at ¶¶ 37, 39.

In order for a slander of title claim to survive a motion to dismiss, a plaintiff must properly plead the four elements of slander of title: "(1) publication of slanderous or libelous words; (2) that they were malicious; (3) that the plaintiff sustained special damages thereby; and (4) that the plaintiff possessed an estate in the property slandered or libeled." *Sanders v. Brown*, 257 Ga. App. 566, 567, 571 S.E.2d 532 (2002) (citing *Schoen v. Md. Cas. Co.*, 147 Ga. 151, 153, 93 S.E. 82 (1917); *Daniels v. Johnson*. 191 Ga. App. 70, 73(3), 381 S.E.2d 87 (1989)). Most importantly, however, "[t]he owner can recover in such action only such special damages as he actually sustained as a consequence of the wrongful acts, which damages *must be pled and proved with particularity.*" *Id.* (citing *Copeland v. Carpenter*, 203 Ga. 18, 19-20(3), 45 S.E.2d 197 (1945)) (emphasis added); *see also Giles v. Swimmer*, 290 Ga. 650, 725 S.E.2d 220 (2012) ("[T]o maintain an action for slander of title, evidence of special damages must be specific."); *Latson v. Boaz*, 278 Ga. 113, 115, 598 S.E.2d 485 (2004) (special damages must be pled "plainly, fully, and distinctly."); *M & M Mortg. Co. v. Grantville Mill, LLC,* 302 Ga. App. 46, 690 S.E.2d 630 (2010) ("General evidence that [a] lien hindered Grantville's ability to obtain a

9

loan was [ ] insufficient to establish special damages."); *Hicks v. McLain's Bldg. Materials, Inc.*, 209 Ga. App. 191, 192, 433 S.E.2d 114 (1993) (special damages not sufficiently shown by plaintiff's claim that she "might have been hindered in obtaining credit as a result of the liens . . . .").

Here, as an initial matter, Kelly Sparra never possessed an interest in the Property, so she lacks standing to bring a claim for slander of title. As to Robert Sparra, the Complaint is replete with conclusory statements that do not even begin to satisfy the elements of slander of title. There are no allegations that slanderous or libelous words were ever published and no attempt whatsoever to show special damages. Rather, the Complaint contains the empty statement that "the plaintiffs have been injured and damaged." [AP Doc. 1] at ¶ 39. The failure to plead any facts to meet the elements of slander of title renders the claim deficiency as a matter of law, and it must be dismissed.

## **CONCLUSION**

Based on the foregoing, SPS respectfully requests that this Court grant its Motion to Dismiss.

WHEREFORE, SPS respectfully prays for relief as follows:

1) That this Court grant its Motion to Dismiss upon a finding that the Complaint fails to state a claim upon which relief can be granted; and

2) For any other relief that this Court deems just and proper.

Respectfully submitted, this 18th day of June, 2018.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)
>**RUBIN LUBLIN, LLC**
>3145 Avalon Ridge Place, Suite 100
>Peachtree Corners, Georgia 30071
>(678) 281-2730 (Telephone)
>(404) 921-9016 (Facsimile)
>bchaness@rubinlublin.com
>
>*Attorney for Select Portfolio Servicing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, this 18th day of June, 2018, filed the within an foregoing by CM/ECF, which will serve notice on all parties.

>*/s/ Bret J. Chaness*
>BRET J. CHANESS (GA Bar No. 720572)